E. BRYAN JONES, Administrator of Walter L. Jones, v. THE NEW
    YORK LIFE INSURANCE COMPANY.

(Decided April 19, 1898.)

*Action on Life Insurance Policy—Forfeiture of Policy
    by Non-Payment of Premium—Agent.*

1 In the trial of an action on a life insurance policy which contained a
    provision that the policy should be forfeited in case of a failure to
    pay the premium when due, or within the time of grace allowed,
    it appeared that A, the treasurer of a corporation (of which the
    insured was an employee, and C, the general agent of the defend-
    ant insurance company, was a stockholder and director), was in the
    habit of receiving and remitting to C premiums due by employees
    of the corporation, but in doing so acted at the request of such
    policy holders and not under the instructions of C.   It also ap-
    peared that on one occasion, at the request of J, the plaintff's in-
    testate, C sent a receipt to A, who delivered it to J, on receipt of
    the premium; and when the next premium came due J requested
    A to forward to C the amount due to J from the corporation in
    payment of the premium, which A neglected to do within the
    time limited for such payment. *Held*, that A, being in such trans-
    actions the agent of J, and not of the insurance company, the for-
    feiture of the policy for non-payment of the premium was not
    avoided by the arrangement between J and A.

2. In such case, the fact that A had frequently, at the request of C, writ-
    ten letters to the latter concerning policy holders, was not, of
    itself, evidence of any right on A's part to transact business for
    the insurance company, of which C was general agent.

CIVIL ACTION tried before *Greene, J.*, and a jury at
Fall Term, 1897, of CALDWELL Superior Court.   The
facts are sufficiently stated in the opinion.   There was
a verdict followed by judgment for the plaintiff, and
defendant appealed.

*Mr. Edmund Jones* for plaintiff.
*Messrs. Jones & Tillett* for defendant (appellant).

MONTGOMERY, J.:   The intestate of the plaintiff insured his life in the defendant company in June, 1893. The insured died on the 23d of May, 1896, and this suit is brought to recover the amount of the policy.   The company resists the payment on the ground that, according to the terms of the policy, the intestate had forfeited all rights in the same by his failure to pay the semi-annual premium due on the 29th of November, 1894. The policy of insurance contained a provision in the following words :

"All premiums shall be due and payable at the home office of the company, unless otherwise agreed in writing, but may be paid to agents producing receipts signed by the president, vice president, actuary or secretary, and countersigned by such agents.   If any premium is not thus paid on or before the day on which it is due (except as herein provided), this policy shall become void, and all premiums previously paid shall become the property of the company."

Another provision of the policy allowed thirty days grace on each payment, provided the insured should pay interest for the number of days during which the premiums remained unpaid.   The home office of the company was in New York city.   J. D. Church, the general agent for North Carolina, resided in Charlotte, and the insured, up to the time of the alleged forfeiture of the policy, lived in Hickory, N. C.   Church was a stockholder and director in the Piedmont Wagon Company. H. D. Abernathy was treasurer of the Wagon Company at the time of the alleged forfeiture, as well as when the policy was taken out, and J. G. Hall was president of the Wagon Company when the policy was issued. The plaintiff alleges that Abernathy was the agent of the defendant to collect the premium due in November,

1894, and that he collected the same but neglected and failed to remit the amount to the company before the day of forfeiture; and the plaintiff further alleged that if Abernathy was not the agent of the company, at the time of the alleged payment to him of the premium, nevertheless he collected the same; that the defendant knew of the collection and ratified it, although it did not receive the money. The defendant denied the agency of Abernathy and refused to receive from him the amount of the premium after the day of forfeiture.

The defendant asked the court to instruct the jury that there was no evidence that Abernathy was the defendant's agent, authorized to receive payment of the premiums due on the policy, and, even if they should believe from the evidence that the intestate (the insured) placed money in Abernathy's hands with instructions to pay the premium before the day of forfeiture, that that would not be a payment, and they should find that the policy issued by the defendant had been forfeited, and that the defendant was not indebted to the plaintiff.

From a careful examination of the testimony we are well satisfied that the defendant was entitled to the instruction as asked. The insured had been employed by the Wagon Company, and at the time he requested Abernathy to pay his premium, some time before it fell due, the Wagon Company owed the insured a sufficient amount to pay the premium, and Abernathy promised the intestate he would pay it. But Abernathy stated on the trial that he had charged to the insured on the books of the Wagon Company the price of a wagon, which the company had sold to the insured's father, of greater value than the amount the wagon company owed to the insured, and this without the knowledge of the insured. And in one of Abernathy's letters to Church he stated

that he held off remitting this money to the company, hoping that the insured could get the amount in some other way in order that the amount to the credit of the insured in the Wagon Company might be applied to the debt of the insured's father for the wagon sold him.

The purpose of Abernathy, followed by his failure to remit the premium to the insurance company, was the real cause of the forfeiture of the policy. And it may not be out of place to note in this connection that it had been a habit of the former president of the Wagon Company, Hall, to collect premiums for this insurance company, and retain the money from 30 to 60 days, using the same in the business of the company before making remittances, and that, too, with the knowledge and consent of Church, the general agent of the defendant.

On the 27th May, 1894, the insured wrote to Church, the general agent, to send a receipt for the May payment to Abernathy, and that Abernathy would send a check for the amount; that the insured was from home nearly all the time, that he would leave in the morning for a trip, and that Abernathy had promised to look after the premium for him. On the next day Church, sent the receipt for the premium to Abernathy, and mentioned in his letter that Jones had requested him to send the receipt to him (Abernathy). In the same letter, Church asked Abernathy to send a check for the amount of the premium. On the next day, Abernathy sent the check.

The plaintiff contended that this was some evidence that Abernathy was the defendant's agent. It certainly was not, but on the contrary was evidence that Abernathy was the insured's agent. As to the premium due in November, 1894, there is not a particle of evidence that the receipt for the same was ever sent to Abernathy

to collect.    There was evidence, however, to the effect that a notice was mailed to the insured by the general agent, Church, 30 days before the November premium fell due, notifying him of the day of payment, and requesting him to remit to him (Church).    And a letter was also introduced from Abernathy to Church, dated November 30, 1894, in which the writer stated that the insured would remit the amount of the premium before the 30 days grace was out.    But Abernathy himself furnished direct proof on the trial that he was not the agent of the defendant.    He said, ''I do not remember that Church ever instructed me to collect premiums.    When the policy holders paid me I would draw check to Church.    I remitted what the policy holders told me.''  Abernathy was asked, as a witness for the plaintiff, if he had ever acted in behalf of the insurance company in other matters, and he answered that he had to the extent of having written to Church a good many letters in regard to policy holders at the request of Church.    If this were admitted it created no agency.    There was not enough stated by the witness, as to the particulars of this correspondence, to show any right given to Abernathy to transact any kind of business for the company.

There was no evidence that Abernathy ever held himself out as the agent of the company, or that the insured ever acted on the assumption that Abernathy was the defendant's agent to collect the premiums on this policy, and his Honor's charge on this point was erroneous in that there was no evidence to sustain it.

The view of the case makes it unnecessary to consider the other questions raised on the appeal.

New trial.